*CONTAINS CONFIDENTIAL MATERIAL – FILED UNDER SEAL*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**

|  |  |
|---|---|
| DOLLAR TREE MANAGEMENT, LLC, DOLLAR TREE, INC., and FAMILY DOLLAR, LLC, <br><br> *Plaintiffs*, <br><br> v. <br><br> ZEROED-IN TECHNOLOGIES, LLC, <br><br> *Defendant*. | Civil Action No. 2:25-cv-00239 |

**COMPLAINT**

Plaintiffs Dollar Tree Management, LLC ("DTM LLC"), Dollar Tree, Inc. ("DT Inc."), and Family Dollar, LLC ("FD LLC") (collectively "Dollar Tree"), by and through their undersigned attorneys, bring the following Complaint for breach of contract, indemnification, and declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, against defendant, Zeroed-In Technologies, LLC ("Zeroed-In") pursuant to that certain agreement, entered into by DTM LLC and Zeroed-In, entitled "SOFTWARE SERVICES AGREEMENT" (the "Agreement"):

**THE PARTIES**

1.      DTM LLC is a Virginia limited liability company with its principal place of business at 500 Volvo Parkway, Chesapeake, VA 23320.  DTM LLC's sole member is Dollar Tree Stores, Inc., which is a subsidiary of DT Inc.

2.      DT Inc. is a Virginia corporation with its principal place of business at 500 Volvo Parkway, Chesapeake, VA 23320.

1

*CONTAINS CONFIDENTIAL MATERIAL – FILED UNDER SEAL*

3.      FD LLC was formed in North Carolina and has its principal place of business at 500 Volvo Parkway, Chesapeake, VA 23330.

4.      Defendant Zeroed-In is a Florida limited liability company and, per the Agreement, its principal place of business is at 11037 Harbour Yacht Court, Suite 201, Fort Myers, FL 33908.  Exhibit A at 1.  Zeroed-In's members include 301 ZI Holdings, LLC, which is a citizen of Texas; HealthStream, Inc., which is a citizen of Tennessee; Keith A. Goode, who is a citizen of Maryland; Neal J. Anders, who is a citizen of California; and Zeroed-In Holdings, Inc., which is a citizen of Florida.

## JURISDICTION AND VENUE

5.      This Court has personal jurisdiction over Zeroed-In because Zeroed-In purposefully availed itself of the privilege of conducting activities in the Commonwealth of Virginia.  Furthermore, Zeroed-In expressly consented to jurisdiction before this Court.  Section 13.5 of the Agreement, entitled "CHOICE OF LAW AND EXCLUSIVE JURISDICTION AND VENUE," provides: ███████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████     Exhibit A at Section 13.5.

6.      Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to this action—namely, DTM LLC's entering into the Agreement with Zeroed-In—occurred in Virginia.  Furthermore, under Section 13.5 of the Agreement, Zeroed-In expressly consented to resolve disputes ████████████████████████████████

█████████████████████████████████████████████     *Id*.

*CONTAINS CONFIDENTIAL MATERIAL – FILED UNDER SEAL*

7.      This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity) because Dollar Tree and Zeroed-In are citizens of different States and the amount in controversy exceeds the sum or value of $75,000.

## FACTUAL ALLEGATIONS

### A.      The Agreement

8.      On September 30, 2020, DTM LLC (together with its direct and indirect parent and affiliated companies, including DT Inc. and FD LLC) and Zeroed-In entered into the Agreement.  The Agreement is attached hereto as Exhibit A and incorporated as if fully set out herein.

9.      The Agreement contains certain terms and conditions under which Zeroed-In was to provide Dollar Tree ███████████████████████████████ ████████████████████████████████████████████ ██████████████████████████████ Exhibit A at Section 1.1.  The services that Zeroed-In was to provide under the Agreement are referred to herein as the "Services."

10.     The Agreement had an effective period that commenced on September 30, 2020.

11.     Section 11.1 of the Agreement, entitled "INDEMNIFICATION," provides:



*CONTAINS CONFIDENTIAL MATERIAL – FILED UNDER SEAL*



12.     Section 11.3 of the Agreement, entitled "PROCEDURES" provides:



13.     Section 11.3 of the Agreement grants Dollar Tree complete discretion to defend itself against Third-Party Claims ████████████████████████████████████ ████████████████████████████ at Dollar Tree's sole discretion, and at ████████ ████████

14.     Section 10.2 of the Agreement ("CONFIDENTIALITY OF DATA"), requires Zeroed-In to ██████████████████████████████████████ ████████████████████████████

15.     Section 10.2 defines "Security Breach" as ██████████████████ ██████████████████████████████████

*CONTAINS CONFIDENTIAL MATERIAL – FILED UNDER SEAL*

███████████████████████████████████████████

█████████████████████████████████████████████

██████████████████████

16.    Section 9.1 of the Agreement defines "Confidential Information" ███████████

████████████████████████████████████████████

███████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████

17.    Section 13.12 of the Agreement ("ATTORNEY FEES") provides that ████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████████

██████████████████

18.    Each of the aforementioned provisions survive termination of the Agreement.

Exhibit A at Section 13.14: ████████████████████████████████

████████████████████████

**B.    The Services**

19.    The Services provided by Zeroed-In included workforce analytical services

pertaining to Dollar Tree employees and employment applicants.

20.    To perform the Services, Zeroed-In required—and Dollar Tree provided—certain

identifying information ("Personal Information") of its employment applicants and current and

former employees.

*CONTAINS CONFIDENTIAL MATERIAL – FILED UNDER SEAL*

21.    With respect to current and former Dollar Tree employees, such Personal Information included, *inter alia*, names, dates of birth, and Social Security numbers.

22.    With respect to Dollar Tree employment applicants, such information included, *inter alia*, names and dates of birth, but did not include Social Security numbers.

**C.    The Security Breach**

23.    In August 2023, Zeroed-In experienced a data Security Breach, as defined under the Agreement, wherein an unauthorized actor gained access to certain systems belonging to Zeroed-In which contained the Personal Information of certain Dollar Tree employment applicants and current and former employees.

24.    On August 31, 2023, Zeroed-In notified Dollar Tree of the Security Breach.

25.    On or about December 8, 2023, Zeroed-In sent a letter entitled "NOTICE OF SECURITY INCIDENT" to certain current and former Dollar Tree employees whose Personal Information may have been impacted in the Security Breach.

26.    On or about December 8, 2023, Zeroed-In sent a separate letter, also entitled "NOTICE OF SECURITY INCIDENT," to certain Dollar Tree employment applicants whose Personal Information may have been impacted in the Security Breach.

**D.    Third-Party Claims Arising from the Security Breach**

27.    As of the date of this Complaint, twenty-nine Third-Party Claims (in the form of putative class action lawsuits or via other means as described below) have been brought against Dollar Tree and/or Zeroed-In in connection with the Security Breach (the "Security Breach Third-Party Claims").  The complaints in the Security Breach Third-Party Claims are referred to herein as the "Security Breach Third-Party Complaints."

*CONTAINS CONFIDENTIAL MATERIAL – FILED UNDER SEAL*

a.  *Alvarado v. Dollar Tree, Inc.*, No. 2:23-cv-00672 (E.D. Va. filed 12.19.23)

b.  *Biles v. Zeroed-In Tech., LLC*, No. 2:23-cv-01139 (M.D. Fla. filed 12.6.23)

c.  *Brantley v. Zeroed-In Tech., LLC*, No. 2:23-cv-01161 (M.D. Fla. filed 12.8.23)

d.  *Garcia v. Dollar Tree, Inc.*, No. 23CV740 (Cal. Super. Ct. filed 12.18.23), removed to federal court, *Garcia v. Dollar Tree, Inc.*, No. 2:24-cv-00570 (C.D. Cal.)

e.  *Garcia v. Zeroed-In Tech., LLC*, No. 1:23-cv-03317 (D. Md. filed 12.6.23)

f.  *Garland v. Dollar Tree, Inc.*, No. 2:23-cv-01208 (M.D. Fla. filed 12.22.23)

g.  *Gordon v. Zeroed-In Tech., LLC*, No. 1:23-cv-03284 (D. Md. filed 12.4.23)

h.  *Holland v. Zeroed-In Tech., LLC*, No. 1:23-cv-03416 (D. Md. filed 12.18.2023)

i.  *Jacobson v. Zeroed-In Tech., LLC*, No. 2:23-cv-01164 (M.D. Fla. filed 12.11.23)

j.  *Jeffries v. Zeroed-In Tech., LLC*, No. 2:24-cv-00013 (M.D. Fla. filed 1.4.24)

k.  *Marsosa v. Zeroed-In Tech., LLC*, No. 2024-L-734 (Cook County Circuit Court (Illinois) filed 1.19.24)

l.  *Matczak v. Zeroed-in Tech., LLC*, No. 1:24-cv-00015 (D. Md. filed 1.3.24)

m. *McDaniel v. Zeroed-In Tech., LLC*, No. 1:23-cv-03295 (D. Md. filed 12.5.23)

n. *Meyers v. Zeroed-In Tech., LLC*, No. 1:23-cv-03342 (D. Md. filed 12.8.23)

o. *Mintz v. Zeroed-In Tech., LLC*, No. 2:23-cv-01137 (M.D. Fla. filed 12.5.2023)

p. *Neeley v. Zeroed-In Tech., LLC*, No. 2:23-cv-01219 (M.D. Fla. filed 12.26.2023)

q. *Pierce v. Zeroed-In Tech., LLC*, No. 2:23-cv-01132 (M.D. Fla. Filed 12.4.2023)

r. *Parsha v. Zeroed-In Tech., LLC*, No. 1:23-cv-03333 (D. Md. filed 12.7.23)

s. *Pounds v. Zeroed-In Tech., LLC*, No. 2:23-cv-01151 (M.D. Fla. filed 12.7.23)

t. *Ramirez v. Dollar Tree, Inc.*, No. 2:23-cv-00655 (E.D. Va. filed 12.15.23)

u. *Rivera v. Zeroed-In Tech., LLC*, No. 1:23-cv-03357 (D. Md. filed 12.11.23)

v. *Sinnett v. Zeroed-In Tech., LLC*, No. 1:23-cv-03468 (D. Md. filed 12.21.23)

w. *Smith v. Zeroed-In Tech., LLC*, No. 1:23-cv-03297 (D. Md. filed 12.5.23)

x. *Smith v. Zeroed-In Tech., LLC*, No. 1:23-cv-03288 (D. Md. filed 12.5.23)

y. *Stanley v. Zeroed-In Tech., LLC*, No. 2:23-cv-01131 (M.D. Fla. filed 12.4.23)

*CONTAINS CONFIDENTIAL MATERIAL – FILED UNDER SEAL*

    z.   *White v. Zeroed-In Tech, LLC*, No. 1:23-cv-03320 (D. Md. filed 12.6.23)

    aa.  Complaint No. 567797 filed by Jamie Ann Lockett with the Consumer Protection Division of the Washington Attorney General's Office (filed 12.17.24)

    bb.  Complaint No. 658250 filed by Connie L. Shafer with the Consumer Protection Division of the Washington Attorney General's Office (filed 12.19.24)

    cc.  Letter of pre-suit notice under Cal. Civ. Code § l798.l 50(b) sent by Jason "Jack" Meyers (12.12. 23)

28.    On January 12, 2024, the court in *Stanley v. Zeroed-In Tech., LLC*, No. 2:23-cv-01131 (M.D. Fla.) granted Zeroed-In's motion to consolidate ten (10) related actions then pending in the Middle District of Florida. *See Stanley v. Zeroed-In Tech., LLC*, No. 2:23-cv-01131 (M.D. Fla.) (ECF No. 29).

29.    On January 19, 2024, the court in *Gordon v. Zeroed-In Tech., LLC*, No. 1:23-cv-03284 (D. Md.) granted Zeroed-In's motion to consolidate eleven (11) related actions then pending in the District of Maryland. *See Gordon v. Zeroed-In Tech., LLC*, No. 1:23-cv-03284 (D. Md.) (ECF No. 23).

30.    On February 14, 2024, the court in *Stanley v. Zeroed-In Tech., LLC*, No. 2:23-cv-01131 (M.D. Fla.) granted Zeroed-In's motion to transfer the consolidated Florida actions to the District of Maryland. *Stanley v. Zeroed-In Tech., LLC*, No. 2:23-cv-01131 (M.D. Fla.) (ECF No.  49).

*CONTAINS CONFIDENTIAL MATERIAL – FILED UNDER SEAL*

31.     On February 22, 2024, the court in *Ramirez v. Dollar Tree, Inc. et al.*, No. 2:23-cv-00655 (E.D. Va.) granted Zeroed-In's motion to transfer the case to the District of Maryland. *Ramirez v. Dollar Tree, Inc. et al.*, No. 2:23-cv-00655 (E.D. Va.) (ECF No. 32).

32.     On March 21, 2024, the court in *Garcia v. Dollar Tree, Inc. et al.*, No. 2:24-cv-00570-GW-SSC (C.D. Cal.) granted Zeroed-In's motion to transfer the case to the District of Maryland.  *Garcia v. Dollar Tree, Inc. et al.*, No. 2:24-cv-00570-GW-SSC (C.D. Cal.) (ECF No. 32).

33.     On March 6, 2024 and April 11, 2024, the District of Maryland consolidated the cases listed in Paragraph 27 in the Consolidated Action, *In re Zeroed-In Technologies, LLC Data Breach Litigation*, No. 1:23-cv-03284-BAH, (D. Md.) (ECF Nos. 62 and 88).

34.     On April 15, 2024, plaintiffs filed a Consolidated Complaint.  *In re Zeroed-In Technologies, LLC Data Breach Litigation*, No. 1:23-cv-03284-BAH, (D. Md.) (ECF No. 90).

35.     On June 14, 2024, Zeroed-In filed a motion to dismiss the Consolidated Complaint.  *In re Zeroed-In Technologies, LLC Data Breach Litigation*, No. 1:23-cv-03284-BAH, (D. Md.) (ECF No. 96).

36.     On September 16, 2024, Dollar Tree moved to compel arbitration for 24 of the 25 named plaintiffs.[1]  *In re Zeroed-In Technologies, LLC Data Breach Litigation*, No. 1:23-cv-03284-BAH (D. Md.) (ECF No. 105-1 at 1 n.2).

37.     On March 26, 2025, the court granted in part and denied in part Dollar Tree's Motion to Compel Arbitration.  *In re Zeroed-In Technologies, LLC Data Breach Litigation*, No. 1:23-cv-03284-BAH, Sept. 16, 2024, (D. Md.) (ECF No. 125).  The Court compelled arbitration, enforced the class action waiver, and stayed the claims of 22 out of 25 plaintiffs.  *Id.*  In doing

---

[1] Dollar Tree did not move to compel arbitration for one plaintiff who had not entered into an arbitration agreement with Dollar Tree.

*CONTAINS CONFIDENTIAL MATERIAL – FILED UNDER SEAL*

so, the court held that these 22 plaintiffs entered into binding arbitration agreements with Dollar Tree, and those agreements delegated questions of arbitrability to the arbitrator, not the court. *Id.* With respect to two plaintiffs, the court ordered the matter to proceed to a jury trial solely on the issue of formation of the arbitration agreement, pursuant to 9 U.S.C. § 4. *Id.*

38.    That same day, the court largely denied Zeroed-In's Motion to Dismiss. *In re Zeroed-In Technologies, LLC Data Breach Litigation*, No. 1:23-cv-03284-BAH, Sept. 16, 2024 (D. Md.) (ECF No. 127).

39.    Dollar Tree has already incurred substantial costs in defending itself against the Security Breach Third-Party Claims, including but not limited to coordinating cases in the District of Maryland and the Middle District of Florida and preparing and filing substantive motions, including the Motion to Compel Arbitration. *See, e.g.*, Mot. to Compel Arbitration by Dollar Tree, Inc., *In re Zeroed-In Technologies, LLC Data Breach Litigation*, No. 1:23-cv-03284-BAH, Sept. 16, 2024, (D. Md.) (ECF No. 105); Mot. to Compel Arbitration by Dollar Tree, Inc., *Ramirez v. Dollar Tree, Inc. et al.*, No. 2:23-cv-00655, Feb. 8, 2024, (E.D. Va.) (ECF No. 21); Mot. to Compel Arbitration filed by Dollar Tree, Inc., *Garcia v. Dollar Tree, Inc. et al.*, No. 2:24-cv-00570, Jan. 29, 2024, (E.D. Va.) (ECF No. 15).  Dollar Tree also incurred substantial costs related to settlement efforts during the summer of 2024.

40.    Dollar Tree continues to incur, and will continue to incur, costs in defending itself against the Security Breach Third-Party Claims, which now include proceeding to a jury trial related to the issues of formation of the arbitration agreements for two plaintiffs and potentially defending itself during any arbitration proceedings of the plaintiffs compelled to arbitration.

41.    In addition to incurring costs related to its defense against the Security Breach Third-Party Claims, Dollar Tree has also incurred substantial costs in trying to enforce its

*CONTAINS CONFIDENTIAL MATERIAL – FILED UNDER SEAL*

contractual rights against Zeroed-In regarding indemnification, including but not limited to preparing demand letters and related correspondence and preparing court filings, including this Complaint, which are recoverable under the Agreement.  *See* Exhibit A at Section 13.12 █████

████████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████████
██████████████████████

42.     Dollar Tree continues to incur, and will continue to incur, costs in trying to enforce its contractual rights against Zeroed-In regarding indemnification.

**E.      Demand for Indemnification**

43.     Zeroed-In owes a duty to defend and indemnify Dollar Tree against the Security Breach Third-Party Claims as set forth in the Security Breach Third-Party Complaints and Zeroed-In should be held liable for any resulting damages.

44.     On December 22, 2023, DT Inc., through counsel, sent a letter to Zeroed-In (the "December 2023 Demand") demanding that Zeroed-In indemnify and hold DT Inc. harmless from the Security Breach Third-Party Claims of which DT Inc. was aware at the time, as well as all as-yet unknown Security Breach Third-Party Claims.

45.     Having received no response to the December 2023 Demand, on February 6, 2024, DT Inc., through counsel, sent a letter to Zeroed-In reiterating its demand for indemnification, including for additional Security Breach Third-Party Claims of which DT Inc. became aware after it sent the December 2023 Demand, as well as all as-yet unknown Security Breach Third-Party Claims.

*CONTAINS CONFIDENTIAL MATERIAL – FILED UNDER SEAL*

46.    On February 27, 2024, Zeroed-In, through counsel, sent a letter to DT Inc. agreeing and confirming that Zeroed-In is contractually obligated under the Agreement to fully indemnify DT Inc. for all Security Breach Third-Party Claims and all defense costs associated with the Security Breach.

47.    DT Inc. responded to Zeroed-In's letter on March 14, 2024.  In this letter, DT Inc. reaffirmed that it would seek reimbursement from Zeroed-In for 100% of all Security Breach Third-Party Claims it pays, if any, to resolve the Security Breach Third-Party Complaints, along with 100% of its chosen counsel's fees and costs, and that Zeroed-In is contractually bound to pay those amounts.

48.    On August 14, 2024, DT Inc. sent a letter to Zeroed-In and its insurer, The Hanover Insurance Company ("Hanover"), requesting reimbursement of accrued legal costs and expenses in responding to Zeroed-In's Security Breach and defending itself against Security Breach Third-Party Claims.  Zeroed-In responded the following day, on August 15, 2024, requesting that DT Inc. seek reimbursement from Hanover.  In accordance with Zeroed-In's instructions, DT Inc. sent invoices of its accrued legal costs and expenses to Hanover, and simultaneously notified Zeroed-In of the same, on August 23, October 3, November 26, 2024, February 4, 2025, and April 16, 2025.[2]

49.    On August 22, 2024, DT Inc. sent a letter to Zeroed-In explaining that under the Agreement, Zeroed-In remains fully liable to DT Inc. for indemnification.

---

[2] Despite DT Inc.'s demands, Hanover has not paid DT Inc.  Regardless, under the Agreement, Zeroed-In is 100% responsible for indemnifying DT Inc. for the legal costs and expenses it incurred in responding to Zeroed-In's Security Breach and defending itself against the Security Breach Third-Party Claims.  *See* Exhibit A at Sections 11.1 and 11.3.

*CONTAINS CONFIDENTIAL MATERIAL – FILED UNDER SEAL*

50.     On December 10, 2024, DT Inc. sent another letter to Zeroed-In requesting prompt reimbursement for its legal costs and expenses ("December 2024 Letter").  DT Inc. also stated that it would enforce its rights under the Agreement, including by taking legal action, if Zeroed-In failed to promptly reimburse DT Inc.  In the December 2024 Letter, DT Inc. requested that Zeroed-In respond to the Letter no later than January 6, 2025.

51.     As of the date of this Complaint, Zeroed-In has not responded to Dollar Tree's follow-up demand for indemnification set forth in its December 2024 Letter.  And as of the date of this Complaint, neither Zeroed-In nor Hanover has reimbursed Dollar Tree for any of its legal costs and expenses incurred in responding to Zeroed-In's Security Breach and defending itself against Security Breach Third-Party Claims.

52.     To date, Zeroed-In has failed to honor its obligation to indemnify DT Inc. against the Security Breach Third-Party Claims.

### COUNT I: BREACH OF CONTRACT AND INDEMNIFICATION

53.     Dollar Tree repeats and realleges the allegations contained in Paragraphs 1 through 52 as if fully restated herein.

54.     DTM LLC and Zeroed-In entered into the Agreement with an effective date of September 30, 2020.

55.     The Agreement is an enforceable agreement between DTM LLC and Zeroed-In.

56.     At all relevant times, Dollar Tree has fully performed all the conditions, covenants, and promises required by the Agreement.

57.     Pursuant to the Agreement, Dollar Tree paid Zeroed-In in exchange for certain services, including workforce analytical services pertaining to Dollar Tree current and former employees and employment applicants.

*CONTAINS CONFIDENTIAL MATERIAL – FILED UNDER SEAL*

58.     Also under the Agreement, Zeroed-In is obligated to indemnify and reimburse

Dollar Tree ███████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████     Exhibit A at Section

11.1.

59.     DT Inc. demanded indemnification from Zeroed-In on December 22, 2023.

Zeroed-In failed to pay DT Inc. any of the legal costs and expenses that DT. Inc. incurred in

responding to Zeroed-In's Security Breach and defending itself against Security Breach Third-

Party Claims.

60.     Dollar Tree has suffered damages as a result of Zeroed-In's material breaches.

Dollar Tree seeks damages from Zeroed-In including, but not limited to, their defense costs,

expenses, and attorney fees per Section 13.12.  As a result of Zeroed-In's breach of its

obligations and duties under the Agreement, Dollar Tree has suffered, and will continue to

suffer, and are entitled to damages of not less than $1,605,000, as well as any interest and costs

allowed under law.[3]

## COUNT II: DECLARATORY JUDGMENT

61.     Dollar Tree repeats and realleges the allegations contained in Paragraphs 1

through 52 as if fully restated herein.

62.     An actual controversy of a ripe and justiciable nature exists between Dollar Tree

and Zeroed-In with respect to Zeroed-In's indemnity obligations as set forth in Agreement.

---

[3] Dollar Tree's current estimated damages, at the time of the filing of this Complaint, are  made without prejudice to any additional fees, costs, settlements, or judgments that may occur as a result of the Security Breach Third-Party Claims.

*CONTAINS CONFIDENTIAL MATERIAL – FILED UNDER SEAL*

63.    Dollar Tree has an interest, legal or equitable in nature, in determining and resolving Zeroed-In's indemnity obligations as set forth in the Agreement.

64.    A declaration is necessary to determine whether Zeroed-In has a duty to defend and indemnify Dollar Tree against the Security Breach Third-Party Claims.

65.    A declaration will clarify the legal relations at issue between Dollar Tree and Zeroed-In as well as terminate and afford Dollar Tree relief from the uncertainty, insecurity, and controversy giving rise to this proceeding.

66.    Dollar Tree requests a declaratory judgment from this Court determining Zeroed-In's indemnity obligations to Dollar Tree.

## PRAYER FOR RELIEF

WHEREFORE, Dollar Tree respectfully requests that the Court enter a judgment in favor of Dollar Tree and against Zeroed-In, and award Dollar Tree the relief set forth below:

(1) Declaratory Judgment from this Court determining and stating that Zeroed-In has a duty to defend and indemnify Dollar Tree against the Security Breach Third-Party Claims;

(2) Dollar Tree's legal costs and expenses incurred in defending itself against the Security Breach Third-Party Claims;

(3) Dollar Tree's reasonable attorney's fees and the Court costs per Section 13.12 of the Agreement; and

(4)  Any such other relief as the Court deems just and proper.

April 18, 2025                                Respectfully submitted,

                                             /s/ Ian S. Hoffman
                                             Ian S. Hoffman (VA Bar # 75002)
                                             Kenneth L. Chernof (*pro hac vice* forthcoming)
                                             ARNOLD & PORTER KAYE SCHOLER LLP

*CONTAINS CONFIDENTIAL MATERIAL – FILED UNDER SEAL*

601 Massachusetts Ave., NW
Washington, DC 20001-3743
Telephone: +1 202.942.5000
Facsimile: +1 202.942.5999
ian.hoffman@arnoldporter.com
ken.chernof@arnoldporter.com

Daniel E. Raymond (*pro hac vice* forthcoming)
ARNOLD & PORTER KAYE SCHOLER LLP
70 West Madison Street, Suite 4200
Chicago, Illinois 60602-4321
Phone: (312) 583-2300
Fax: (312) 583-2360
daniel.raymond@arnoldporter.com

*Counsel for Plaintiffs Dollar Tree Management, LLC,
Dollar Tree, Inc., and Family Dollar, LLC*