IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| DOLLAR TREE MANAGEMENT, LLC, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>ZEROED-IN TECHNOLOGIES, LLC,<br><br>    Defendant. | Case No. 2:25-cv-239 |

**OPINION & ORDER**

Before the Court is a motion for partial judgment on the pleadings as to Count II of the Complaint—declaratory judgment—filed by Plaintiffs Dollar Tree Management, LLC, Dollar Tree, Inc., and Family Dollar, LLC (collectively "Dollar Tree"). ECF Nos. 36 (motion), 41 (memorandum). Because Defendant Zeroed-In Technologies, LLC disputes several material facts on which Dollar Tree seeks declaratory judgment, the motion will be **DENIED**.

I.   **BACKGROUND**

Dollar Tree entered into an agreement with Zeroed-In whereby Zeroed-In (the vendor) would provide software and professional services to Dollar Tree (the customer). ECF No. 5 ¶¶ 8–9; ECF No. 20 ¶¶ 8–9; *see generally* ECF No. 5-1 (the agreement). To perform these services, Zeroed-In required and Dollar Tree provided certain personal information about its employment applicants and current and former employees. ECF No. 5 ¶¶ 20–22; ECF No. 20 ¶¶ 20–22.

The agreement specifies the parties' indemnification obligations and procedures as follows:

> Except to the extent caused by Customer's gross negligence or willful misconduct, Vendor shall indemnify and hold harmless Customer and its direct and indirect parent companies and its and their subsidiaries and affiliates and their respective managers, employees, officers, directors, shareholders, agents, principals, representatives, successors and assigns (the "Indemnified Parties") from and against all losses, liabilities, damages, judgments, settlements, penalties, fines, costs and expenses (including reasonable attorneys' fees and disbursements) ("Losses") suffered or incurred by any of the Indemnified Parties in connection with or relating to any claim, demand, suit, action or proceeding brought by a third party (as applicable, a "Third-Party Claim") arising from or attributable to . . . (d) any Security Breach or any loss, theft, or compromise of Customer data or other Confidential Information while in the possession or control of Vendor . . . .

ECF No. 5-1 § 11.1.

> With respect to any Third[-]Party Claim that is subject to Vendor's indemnification obligations under this Section 11, (a) Customer may, at Customer's option and Vendor's expense, (i) defend against and resolve all such Third-Party Claims in such manner or according to such terms and conditions as Customer reasonably deems appropriate, or (ii) require Vendor to engage a law firm pre-approved by Customer to defend or assist in the defense of the Indemnified Parties; . . . .

*Id.* § 11.3.

In August 2023, Zeroed-In experienced a data security incident that involved the personal information Dollar Tree provided. ECF No. 5 ¶ 23; ECF No. 20 ¶ 23. Zeroed-In notified Dollar Tree and the impacted individuals. ECF No. 5 ¶¶ 24–26; ECF No. 20 ¶¶ 24–26. As a result of the incident, 29 third-party claims were brought

against Dollar Tree and/or Zeroed-In. ECF No. 5 ¶ 27; ECF No. 20 ¶ 27. Dollar Tree alleges that it suffered and will continue to suffer damages of not less than $1,605,000 in defending itself against the third-party claims. ECF No. 5 ¶¶ 39–40, 60. Dollar Tree has sent multiple requests to Zeroed-In invoking the agreement's indemnification provisions, but Zeroed-In has not reimbursed Dollar Tree for any expenses. *Id.* ¶¶ 44–52. Dollar Tree brings two claims against Zeroed-In: breach of contract and indemnification (Count I) and declaratory judgment (Count II). *Id.* ¶¶ 53–66.

Dollar Tree seeks judgment on the pleadings as to Count II. ECF No. 41 at 14–16. Dollar Tree asks the Court to determine that:

(i) the agreement is a valid and enforceable contract;

(ii) Zeroed-In experienced a security breach in August 2023;

(iii) Zeroed-In must pay the actual costs Dollar Tree incurred in responding to and mitigating damages caused by the security breach;

(iv) there are third-party claims arising from the security breach, as defined under the agreement;

(v) Zeroed-In owes a duty to defend and indemnify Dollar Tree against such third-party claims;

(vi) under the agreement, Dollar Tree may defend against and resolve all such third-party claims in such manner or according to such terms and conditions as Dollar Tree reasonably deems appropriate; and

(vii) Zeroed-In must pay Dollar Tree's defense costs as incurred by its counsel for defending Dollar Tree against the third-party claims.

*Id.* at 16.[1]

## II.  LEGAL STANDARD

The standard of review for a Fed. R. Civ. P. 12(c) motion is the same as the standard for a motion to dismiss under Fed. R. Civ. P 12(b)(6). *Burbach Broad. Co. of Delaware v. Elkins Radio Corp.*, 278 F.3d 401, 406 (4th Cir. 2002). Therefore, a plaintiff's motion for judgment on the pleadings "will be granted if, on the uncontested facts alleged in the complaint and assuming all material allegations of fact in the answer as true, the plaintiff is entitled to judgment as a matter of law." *Mullinex v. John Crane Inc.*, No. 4:18-cv-33, 2022 WL 16814885, at *2 (E.D. Va. Nov. 8, 2022). In reviewing a Fed. R. Civ. P. 12(c) motion, the "court is required to view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." 7A *Wright & Miller's Federal Practice and Procedure* § 1368 (3d ed. Sep. 2025 update); *see also Saurikit, LLC v. cydia.com*, No. 1:11-cv-888, 2012 WL 1344392, at *2 (E.D. Va. Apr. 17, 2012).

The Court "has the discretion to either accept materials beyond the pleadings in considering a [Fed. R. Civ. P.] 12(c) motion, thereby converting [the] motion into a motion for summary judgment, or to reject such materials and not consider them."

---

[1] The Court notes that Dollar Tree's motion seeks declaratory judgment on a more specific set of facts than the Complaint pleads. ECF No. 5 at 16 (seeking declaratory judgment for only the proposition that "Zeroed-In has a duty to defend and indemnify Dollar Tree against the [s]ecurity [b]reach [t]hird-[p]arty [c]laims").

*CertusView Techs., LLC v. S & N Locating Servs., LLC*, 111 F. Supp. 3d 688, 703 (E.D. Va. 2015), *aff'd*, 695 F. App'x 574 (Fed. Cir. 2017).[2]

## III.   ANALYSIS

Dollar Tree seeks declaratory judgment on the pleadings regarding material facts Zeroed-In contests. Construing the pleadings in the light most favorable to Zeroed-In, the Court must deny Dollar Tree's motion.

Dollar Tree contends that Zeroed-In admits three sets of material facts which "constitute the basis for Dollar Tree's request for declaratory judgment": (1) the agreement between the parties was effective as of September 30, 2020, and is attached as Exhibit A to the Complaint; (2) Zeroed-In experienced a security breach that impacted Dollar Tree's confidential information, and the agreement states Zeroed-In must indemnify and hold harmless Dollar Tree from third-party claims attributable to any security breach of confidential information; and (3) Dollar Tree defended itself against third-party claims relating to the security breach and incurred costs as a result, and the agreement provides that Dollar Tree, at its option and Zeroed-In's expense, may defend against and resolve these third-party claims as Dollar Tree reasonably deems appropriate. ECF No. 41 at 8–12. While Zeroed-In

---

[2] Dollar Tree's assertion that courts in the Fourth Circuit have applied "both a 12(b)(6) standard and a summary judgment standard in evaluating a 12(c) motion" is accurate but fails to acknowledge the limited circumstances under which a Fed. R. Civ. P. 12(c) motion may be converted to a summary judgment motion. ECF No. 41 at 6. Here, the Court need not consider the materials outside of the pleadings Zeroed-In attaches because this motion would fail regardless, as explained below.

admits the first set of material facts in the pleadings,[3] it does not admit the second or third. Accordingly, the Court declines to exercise its discretion to invoke Fed. R. Civ. P. 56 here because doing so would not alter the Court's conclusion.

As to the second set of material facts, Zeroed-In confirms the plain text of the agreement's indemnification clauses. ECF No. 20 ¶¶ 11–12. But Zeroed-In does not admit that a "[s]ecurity [b]reach that impacted Dollar Tree's [c]onfidential [i]nformation" occurred. *Id.* ¶¶ 21–24. Instead, Zeroed-In admits only that Dollar Tree provided "certain information" to Zeroed-In and that a "ransom event" involving "suspicious activity related to certain network systems" occurred. *Id.* ¶¶ 21–23. Therefore, on the face of its pleadings, Zeroed-In does not admit to the existence of a "[s]ecurity [b]reach" or that "[c]onfidential [i]nformation" was impacted.[4]

Regarding the third set of material facts, Zeroed-In denies that it is required to indemnify Dollar Tree for unreasonable attorneys' fees and costs and "denies that any of Dollar Tree's claimed attorneys' fees and expenses were either necessary or reasonable." ECF No. 56 at 8–9, 12. Thus, Zeroed-In argues that a material dispute

---

[3] Zeroed-In admits to the existence and effective date of the agreement. ECF No. 20 ¶ 8.

[4] In materials Zeroed-In provides in its opposition to this motion, Zeroed-In does admit the second set of material facts. Zeroed-In confirmed its indemnification obligations to Dollar Tree in a February 27, 2024, letter but contested the amount it would owe, stating that only "reasonable attorneys' fees and disbursements" would be compensated. ECF No. 56 at 5; ECF No. 56-1 at 2–3. But as explained above, the Court declines to consider materials outside the pleadings and to convert this motion into a summary judgment motion. In any event, even considering the supplemental materials, the motion would fail because Zeroed-In does not admit the third set of material facts.

exists "regarding whether those fees and costs fall within the scope of the indemnification provision in the parties' contract." *Id.* at 12. While Zeroed-In does not dispute the plain text of § 11.3 of the agreement, it does dispute that the agreement granted Dollar Tree "complete discretion" to defend itself or that it requires Zeroed-In to reimburse Dollar Tree for "any and all expenses Dollar Tree may needlessly incur in defending itself." *Id.* at 13.

At the very least, Zeroed-In disputes the following statement for which Dollar Tree seeks declaratory judgment: "(vii) Zeroed-In must pay Dollar Tree's defense costs as incurred by its counsel for defending Dollar Tree against the [t]hird-[p]arty [c]laims." ECF No. 41 at 16. Zeroed-In disputes that it must pay "costs as incurred" because the indemnification provision states that it is liable for "all losses, liabilities, damages, judgments, settlements, penalties, fines, costs and expenses (including *reasonable attorneys' fees and disbursements*)." ECF No. 5-1 § 11.1 (emphasis added). Zeroed-In contests the reasonableness of the attorney fees Dollar Tree requests. ECF No. 56 at 8–10.

Dollar Tree argues that questions of "reasonableness" are not relevant to this motion and instead go to the merits of its breach of contract claim. ECF No. 55 at 4. But because Dollar Tree asks for declaratory judgment that "Zeroed-In must pay Dollar Tree's defense costs *as incurred by its counsel*," the question of whether those "costs as incurred" are reasonable is squarely at issue here. ECF No. 41 at 16 (emphasis added).

7

The meaning of the term "reasonable attorneys' fees and disbursements" is a question of contract interpretation, governed by Virginia law. Federal courts sitting in diversity apply the choice of law rules of the forum state. *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496 (1941). In Virginia, courts apply the law that the parties expressly stated governs their contract unless a party establishes that the choice of law provisions are unfair or unreasonable. *Paul Bus. Sys., Inc. v. Canon U.S.A., Inc.*, 240 Va. 337, 342 (1990). Here, the agreement contains an undisputed choice of law provision stating that it is governed by the laws of Virginia. ECF No. 5-1 § 13.5. So, the Court applies Virginia law.

In determining whether attorney fees are "reasonable," Virginia courts consider factors including "the time and effort expended by the attorney, the nature of the services rendered, the complexity of the services, the value of the services to the client, the results obtained, whether the fees incurred were consistent with those generally charged for similar services, and whether the services were necessary and appropriate." *Chawla v. BurgerBusters, Inc.*, 499 S.E.2d 829, 833 (Va. 1998); *see also W. Square, LLC v. Commc'n Techs., Inc.*, 649 S.E.2d 698, 702 (Va. 2007). There are no facts in the pleadings that could allow the Court to determine the "reasonableness"

of the attorney fees.[5] Therefore, the Court must deny the motion for judgment on the pleadings.[6]

## IV. CONCLUSION

For the foregoing reasons, Plaintiff Dollar Tree's motion for partial judgment on the pleadings (ECF No. 36) is **DENIED**.

**IT IS SO ORDERED**.

/s/ *JKW*

Jamar K. Walker
United States District Judge

Norfolk, Virginia
October 28, 2025

---

[5] Zeroed-In has submitted a declaration opining on the reasonableness of the attorney fees. ECF No. 56-5. The Court declines to consider this supplemental material. But even if the declaration were considered, Dollar Tree does not provide information that could place the reasonableness determination beyond genuine dispute.

[6] Zeroed-In has also asserted affirmative defenses which, if they prevail, would bar Dollar Tree's causes of action. ECF No. 56 at 15–17; *see* ECF No. 20 at 27–30. This is an independent reason to deny the motion for judgment on the pleadings. *See United States v. Paz*, No. 8:23-cv-2801, 2024 WL 5186711, at *3 (D. Md. Dec. 20, 2024) (if a defendant "has asserted affirmative defenses that, if proven, would defeat a plaintiff's claims, a plaintiff's motion for judgment on the pleadings must be denied"); *see also Waites v. Wells Fargo Bank, N.A.*, No. 2:15-cv-353, 2016 WL 659084, at *2 (E.D. Va. Feb. 16, 2016) (citing *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007)) (it is not appropriate to consider the "viability of affirmative defenses at the 12(b)(6) stage" unless all the facts "necessary to the affirmative defense clearly appear on the face of the complaint").

9